Kirkpatrick, C. J.
— This is an action of debt upon bond, conditioned for the faithful performance of the office of constable.
It is brought in the name of “ the inhabitants of the township of Woolwich, in the county of Gloucester,” being their name of incorporation, against Jachonias Forrest, and his sureties.
Upon oyer of the bond, it appears to be made to “ the inhabitants of the township of Woolwich,” omitting the other part of the corporate name, viz: “in the county of Gloucester;” and to have for its condition, that the said Jachonias Forrest, shall lawfully execute and [*] discharge all the duties enjoined upon him as constable agreeable to law.
*85 The act of the legislature which requires constables to give bond and security, directs that the condition shall be for the true and faithful performance of all the duties eujoined upon him by that act, and not of all the duties enjoined upon him as constable agreeable to law.
And for these two causes, to wit, that the bond is not given to the township by its true name of incorporation, and because the condition is more extensive than the act requires, it is demurred to, and there is a joinder in demurrer.
1st. As to the latter of the causes, to wit, that the condition of the bond is more extensive than the act requires; it does not appear to me to have much weight. It may be considered as a bond merely voluntary, to secure to the township, the faithful discharge of this office. And surely there can be nothing in this, contrary to law, to reason, or to sound policy. I apprehend, some confusion has arisen from likening this to certain other official bonds, such as bail bonds and others, where the condition is expressly prescribed by law', and all others declared to be void. But that is not the case here. There is no such prohibitory or nullifying clause in the act. It is a voluntary bond for a lawful purpose, for securing tiie performance of an important and necessary office; and as such, I think it cannot be impugned in the law'.
2d. As to the corporate name. It is certain that corporations, as w'ell as natural persons, must appear in courts, by their proper names. And, therefore, if this suit had been in the name of “ The inhabitants of the township of Woolwich,” without adding the words “in the county of Gloucester,” I should have thought it error.
But the same nicety is not required in grants, obligations, &c., as in pleadings. According to Co. L. 3a. a natural person may purchase by a description of the person, [#3 without either the name of baptism or sirnamc. So, 10 Co. 124, in grants and conveyances to a corporation it is sufficient if the name in re et sensu be used, though not in verbis. Bacon Ab. 503, John, Abbot of N. granted by the name of William, Abbot of N., and this was held good ; but if it had been so in a writ or other pleading, it had been fatal.
The result seems to be, that as in grants to natural persons, a description which designates the person is sufficient, so in grants and obligation to a corporation, if it be named and described in such way as to identify it and distinguish it, in the common understanding of men, from all others, the grant will be good.
But then, it appears to me, to be essential, in all these cases of variance, that it should be averred in the pleadings, *86 that the person or corporation described in the grant, is the same with that named in the writ. If an obligation be to the eldest son of John Styles, of Trenton, esquire, and a ■suit thereupon be brought in the name of Richard Styles, of Burlington, merchant, it must be set forth and averred in the pleadings, that this Richard Styles, is the eldest son of John Styles, of Trenton, esquire, or that the obligation was made to him under the name and description of the eldest son of John Styles, of Trenton, esquire, or words to that effect. And so it is also in the case of a corporation. And in this sense, I understand Co. L. 3a.
This is not done here, and without it, it does not sufficiently appear, that the corporation to whom the obligation is made, is the same that is named in the writ.(a) For this reason, Í think there must be judgment for the demurrant.
Rosseix, J. — Concurred.

 Vide post 500. 5 Halst. 123, Angell v. Ames. — Ed.